UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID W. S[1].,                          )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )        No. 2:21-cv-00102-DLP-JPH
                                         )
KILOLO KIJAKAZI,                         )
                                         )
                    Defendant.           )

## ORDER

Plaintiff David W. S. requests judicial review of the denial by the

Commissioner of the Social Security Administration ("Commissioner") of his

application for Supplemental Security Income ("SSI") under Title XVI of the Social

Security Act. *See* 42 U.S.C. §§ 423(d). For the reasons set forth below, the Court

hereby **AFFIRMS** the ALJ's decision denying the Plaintiff benefits.

## I.    PROCEDURAL HISTORY

On February 25, 2019, David filed an application for Title XVI SSI. (Dkt. 14-2

at 18, R. 17). David's application alleged disability resulting from bad knees, a back

condition, and depression. (Dkt. 14-6 at 6, R. 170). The Social Security

Administration ("SSA") denied David's claim initially on July 11, 2019, (Dkt. 14-3 at

14, R. 75), and on reconsideration on November 18, 2019. (Id. at 24, R. 85). On

---

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern
District of Indiana has adopted the recommendations put forth by the Court Administration and Case
Management Committee of the Administrative Office of the United States Courts regarding the
practice of using only the first name and last initial of any non-government parties in Social Security
opinions. The Undersigned has elected to implement that practice in this Order.

November 22, 2019, David filed a written request for a hearing, which was granted.
(Dkt. 14-4 at 19-20, R. 103-104). On August 12, 2020, Administrative Law Judge
("ALJ") Amy Rosenberg conducted a hearing, where David, his counsel, and
vocational expert, Zachary Matthews, all appeared telephonically. (Dkt. 14-2 at 38, R.
37). On September 17, 2020, ALJ Rosenberg issued an unfavorable decision finding
that David was not disabled. (Dkt. 14-2 at 18-30, R. 17-29). David appealed the ALJ's
decision, and, on January 12, 2021, the Appeals Council denied David's request for
review, making the ALJ's decision final. (Dkt. 14-2 at 2-4, R. 1-3). David now seeks
judicial review of the ALJ's decision denying benefits. *See* 42 U.S.C. § 1383(c)(3).

## II.   STANDARD OF REVIEW

To prove disability, a claimant must show he is unable to "engage in any
substantial gainful activity by reason of any medically determinable physical or
mental impairment which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than twelve months." 42
U.S.C. § 423(d)(1)(A). To meet this definition, a claimant's impairments must be of
such severity that he is not able to perform the work he previously engaged in and,
based on his age, education, and work experience, he cannot engage in any other kind
of substantial gainful work that exists in significant numbers in the national
economy. 42 U.S.C. § 423(d)(2)(A). The SSA has implemented these statutory
standards by, in part, prescribing a five-step sequential evaluation process for
determining disability. 20 C.F.R. § 404.1520(a). The ALJ must consider whether:

> (1) the claimant is presently [un]employed; (2) the claimant has a
> severe impairment or combination of impairments; (3) the

2

> claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [him] unable to perform [his] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005) (citation omitted). An affirmative answer to each step leads either to the next step or, at steps three and five, to a finding that the claimant is disabled. 20 C.F.R. § 404.1520; *Briscoe*, 425 F.3d at 352. If a claimant satisfies steps one and two, but not three, then he must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995); *see also* 20 C.F.R. § 404.1520. (A negative answer at any point, other than step three, terminates the inquiry and leads to a determination that the claimant is not disabled.).

After step three, but before step four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at step four to determine whether the claimant can perform his own past relevant work and if not, at step five to determine whether the claimant can perform other work in the national economy. *See* 20 C.F.R. § 404.1520(iv).

The claimant bears the burden of proof through step four. *Briscoe*, 425 F.3d at 352. If the first four steps are met, the burden shifts to the Commissioner at step five.

*Id*. The Commissioner must then establish that the claimant—in light of his age, education, job experience, and residual functional capacity to work—is capable of performing other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f).

The Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Evidence is substantial when it is sufficient for a reasonable person to conclude that the evidence supports the decision. *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). The standard demands more than a scintilla of evidentiary support but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001). Thus, the issue before the Court is not whether David is disabled, but, rather, whether the ALJ's findings were supported by substantial evidence. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).

In this substantial evidence determination, the Court must consider the entire administrative record but not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Nevertheless, the Court must conduct a critical review of the evidence before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003); *see also Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

When an ALJ denies benefits, she must build an "accurate and logical bridge from the evidence to her conclusion," *Clifford*, 227 F.3d at 872, articulating a minimal, but legitimate, justification for the decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines the conclusions she made, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford*, 227 F.3d at 872.

### III.   BACKGROUND

#### A. Factual Background

David was fifty-four years old on the date his application was filed, February 25, 2019. (Dkt. 14-2 at 28, R. 27). He completed the eighth grade. (Dkt. 14-2 at 43, R. 42). He has past relevant work history as a roofer. (Id. at 28, R. 27).

#### B. ALJ Decision

In determining whether David qualified for benefits under the Act, the ALJ employed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a) and concluded that David was not disabled. (Dkt. 14-2 at 18-30, R. 17-29). At Step One, the ALJ found that David had not engaged in substantial gainful activity since his application date of February 25, 2019. (Id. at 20, R. 19).

At Step Two, the ALJ found that David has severe impairments of lumbar degenerative disc disease; persistent depressive disorder; polysubstance abuse; and borderline intellectual functioning, as well as nonsevere impairments of

hypertension; psoriasis; asthma; and chronic obstructive pulmonary disease. (Dkt. 14-2 at 20-22, R. 19-21). The ALJ concluded that David had no medically determinable impairments related to his knees or hands. (Id. at 21-22, R. 20-21).

At Step Three, the ALJ found that David's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 416.920(d), 416.925, and 416.926, considering Listings 1.04, 12.04, and 12.11. (Dkt. 14-2 at 22-23, R. 21-22). As to the "paragraph B" criteria, the ALJ concluded that David had no limitation in adapting or managing oneself or interacting with others, and moderate limitations in understanding, remembering or applying information and concentrating, persisting, or maintaining pace. (Dkt. 14-2 at 22-23, R. 21-22).

After Step Three but before Step Four, the ALJ found that David had the residual functional capacity ("RFC") to perform "medium work," as defined in 20 C.F.R. § 416.967(c), with the following limitations: frequently climb, balance, stoop, kneel, crouch, and crawl; frequently handle and finger; understand, remember, and carry out simple, routine tasks and can make simple work-related decisions; should not perform work that requires reading written instructions, or that requires him to perform math calculations beyond simple addition and subtraction. (Dkt. 14-2 at 23, R. 22).

At Step Four, the ALJ concluded that David is not able to perform his past relevant work as a roofer. (Dkt. 14-2 at 28, R. 27).  At Step Five, relying on the vocational expert's testimony, the ALJ determined that, considering David's age, education, work experience, and residual functional capacity, he was capable of

6

adjusting to other work. (Id. at 29, R. 28). The ALJ thus concluded that David was not disabled. (Id. at 29-30, R. 28-29).

### IV.   ANALYSIS

The Plaintiff challenges the ALJ's decision on several grounds. First, the Plaintiff argues that the ALJ erred at Step Two of the five-step analysis by finding polysubstance abuse to be a severe impairment. (Dkt. 16 at 5). Second, the Plaintiff argues that the ALJ's RFC assessment regarding the usage of his hands and fingers, as well as his ability to read and do math, is not supported by substantial evidence. (Id. at 6). Lastly, Plaintiff maintains that the ALJ's Step Five Decision is not supported by substantial evidence. (Id. at 6-7).

At the outset, the Court notes that many of the Plaintiff's arguments for remand are both undeveloped and unclear. It is not for this Court to develop the Plaintiff's arguments or comb through the record to find support. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) (explaining that it is not the court's "responsibility to research and construct the parties' arguments") (internal quotations omitted). Accordingly, the Court will address only the specific issues raised in the Plaintiff's opening brief and will not speculate as to possible arguments the Plaintiff was attempting to make. *See Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014) (noting that the claimant has the "burden to show that the ALJ's decision is not supported by substantial evidence.").

The Undersigned also notes that this warning is not the first given to Plaintiff's counsel by this Court. *See Nicholas D. v. Saul,* No. 1:18-cv-2736-WTL-TAB,

2019 WL 2635896, at *4 (S.D. Ind. June 26, 2019); *Mary S. v. Saul*, No. 1:19-cv-00716-SEB-TAB, 2019 WL 7583658, at *2 (S.D. Ind. Dec. 26, 2019), *report and recommendation adopted sub nom. Schwartz v. Saul*, 2020 WL 224669 (S.D. Ind. Jan. 15, 2020); *William W. v. Saul*, No. 2:19-cv-00128-DLP-JRS, 2020 WL 5493932, at *9 (S.D. Ind. Mar. 25, 2020); *Herman C. v. Saul*, No. 1:19-cv-4278-SEB-DLP, 2020 WL 5752436, at *7 (S.D. Ind. Sept. 2, 2020), *report and recommendation adopted sub nom. Collins v. Saul*, 2020 WL 5653476 (S.D. Ind. Sept. 22, 2020); Charles A. v. Saul, No. 2:20-cv-00412-MJD-JRS, 2021 WL 2820534, at *2 (S.D. Ind. July 7, 2021); *David M. v. Saul*, No. 2:20-cv-00183-MJD-JPH, 2021 WL 2820532, at *1 (S.D. Ind. July 7, 2021); *Ernie G. v. Kijakazi*, No. 1:20-cv-3288-MJD-RLY, 2022 WL 168348, at *1 (S.D. Ind. Jan. 18, 2022).

### A. Step Two Analysis

First, David argues that the ALJ erred by deeming polysubstance abuse a severe medically determinable impairment. (Dkt. 16 at 5). Specifically, Plaintiff contends that this determination fails to recognize the state agency examiner, Dr. Sands', finding that there was "no evidence of substance abuse disorder for the current period at issue." (Id. at 5). In response, the Commissioner argues that because the ALJ found other severe impairments at Step Two and proceeded through the sequential process of evaluating David's impairments, both severe and non-severe, the ALJ did not commit an error in assessing David's medically determinable impairments. (Dkt. 17 at 6-7). Furthermore, the Commissioner maintains that polysubstance abuse was properly considered to be a severe impairment. (Id.).

At Step Two of the sequential process, the ALJ determines whether the

claimant has a "severe medically determinable physical or mental impairment" that

has lasted or is expected to last for a continuous period of at least 12 months. 20

C.F.R. § 416.920(a)(4)(ii). To establish a medically determinable impairment, the

claimant must show that the condition results "from anatomical, physiological, or

psychological abnormalities that can be shown by medically acceptable clinical and

laboratory diagnostic techniques." 20 C.F.R. § 416.921. Once a claimant has

established a medically determinable impairment, the ALJ determines whether the

impairment qualifies as severe. *Id.* A severe impairment is one that "significantly

limits [one's] physical or mental ability to do basic work activities." 20 C.F.R. §

404.1520(c). When considering whether an impairment is severe, an ALJ is to

consider whether the impairment significantly limits the claimant's physical or

mental ability to do basic work activities, such as walking, standing, sitting, pushing,

pulling, use of judgment, or dealing with changes in a routine work setting. 20 C.F.R.

§ 404.1522. The ALJ must consider all medically determinable impairments,

including those found to be non-severe, in assessing residual functional capacity. 20

C.F.R. § 416.945(a)(2).

It is not entirely clear what error Plaintiff believes was caused by the ALJ

deeming polysubstance abuse a severe medical impairment in this case. Plaintiff

seems to suggest that the ALJ's determination "colored" the ALJ's decision or

"tempered" the ALJ's analysis . (Dkt. 16 at 5; Dkt. 18 at 2). On the Court's review,

however, beyond noting that polysubstance abuse was a severe impairment, stating

9

Plaintiff's report to the consultative examiner that he had a history of polysubstance abuse, and indicating that the ALJ was not making a determination as to the materiality of the substance abuse, the ALJ does not mention substance abuse in her opinion. (Dkt. 14-2 at 20, 25, R. 19, 24). It can thus hardly be said that the ALJ's finding of substance abuse as a severe impairment tempered the ALJ's analysis in any way. Moreover, Plaintiff presents no authority to support his contention that reversible harm occurred by including substance abuse as a severe impairment on his permanent record.

The Commissioner argues that the ALJ's determination that substance abuse was a severe impairment was supported by the consultative examiner Dr. Wooden's conclusion that Plaintiff's depressive symptoms could have been caused by his history of substance abuse. (Dkt. 17 at 6). The ALJ, however, never mentions this piece of evidence in her decision, let alone uses it as a justification for deeming substance abuse a severe impairment. The Court's review is limited to the reason articulated in the ALJ's decision, and post-hoc rationalizations submitted by the Commissioner are impermissible. *See Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014) (attempts to bolster ALJ's position with post-hoc rationale are impermissible); *Phillips v. Astrue*, 413 F. App'x 878, 883 (7th Cir. 2010) ("We confine our review to the reasons offered by the ALJ and will not consider post-hoc rationalizations that the Commissioner provides to supplement the ALJ's assessment of the evidence."); *Villano v. Astrue*, No. 2:07 CV 187, 2009 WL 1803131, at *3 (N.D. Ind. June 23, 2009) (Commissioner's

position limited to the ALJ's written decision, especially with respect to the required

bridge between facts and conclusions, thus prohibiting post-hoc rationalization).

Plaintiff is also correct that the state agency reviewing physician, Dr. Sands,

found no evidence of a substance abuse disorder for the current adjudicative period,

(Dkt. 14-3 at 12, 22, R. 73, 83), and that the ALJ made no mention of this finding in

her opinion. On the Court's review, there is no support in the record for a finding of

polysubstance abuse during the relevant period. Nevertheless, as the Commissioner

correctly notes, the Step Two determination of severity is "merely a threshold

requirement." *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010). As long as the

ALJ determines that the claimant has one severe impairment, the ALJ will proceed to

the remaining steps of the evaluation process. *Curvin v. Colvin*, 778 F.3d 645, 648 (7th

Cir. 2015); *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). Here, the ALJ found the

Plaintiff suffered from several severe and non-severe impairments. (Dkt. 14-2 at 20, R.

19). Thereafter, the ALJ proceeded through the remaining steps of the five-step

evaluation process. (Dkt. 14-2 at 20-30, R. 19-29); *Arnett v. Astrue*, 676 F.3d 586, 591

(7th Cir. 2012). For these reasons, the Court finds that the ALJ did not err at Step

Two.

### B. RFC Analysis

Next, Plaintiff argues that the ALJ's RFC is not supported by substantial

evidence because it does not provide sufficient restrictions for handling and fingering,

or for his ability to read or to do math. (Dkt. 16 at 6). The entirety of Plaintiff's

argument is as follows:

> The ALJ's RFC is not consistent with opinion evidence, as it makes no provisions for the assessment of consultative examiner Dr. Patrick Titzer, who's [sic] physical exam on May 15, 2019, showed fine fingering to be reduced in the right and left hand with reduced grip strength in both hands as well (4F, p. 3). While the ALJ addresses this issue in the opinion evidence section of her assessment, her determination that such limitations were mild enough to support frequent fingering and feeling is unsupported, and it is reasonable to expect that limitations in both hands would limit Plaintiff to no more than occasional performance, and that the expectation of frequent use could reasonably be expected to result in failure to meet production demands.

(Id.). The Commissioner asserts that the ALJ's analysis is supported by substantial evidence and that Plaintiff's argument is merely a request for the Court to reweigh the evidence. (Dkt. 17 at 7-10).

Although neither party addresses this point, the ALJ concluded that no medically determinable impairment existed as to Plaintiff's hands. (Dkt. 14-2 at 21-22, R. 20-21). The ALJ considered Plaintiff's testimony at the hearing, Dr. Titzer's consultative examination, and Dr. Brock's treatment records, and concluded that there was not sufficient objective medical evidence to find a medically determinable impairment of the hands. (Id.). The ALJ, nevertheless, included a limitation for frequent handling and finger "to accommodate [Plaintiff's] remote hand surgeries and the slight decreased strength on examination." (Id. at 22, R. 21). As the Agency's own guidance makes clear, the RFC must only include limitations and restrictions attributable to medically determinable impairments. Social Security Ruling 96-8p 1996 WL 374184, at *2 (S.S.A. July 2, 1996). The Plaintiff does not challenge the ALJ's conclusion that no medically determinable impairment existed with regard to

his hands, so there can be no error for the ALJ not including greater limitations with respect to handling and fingering. Accordingly, this issue is affirmed.

Plaintiff also seems to make an argument that the ALJ should have included greater restrictions regarding Plaintiff's ability to read and do math, specifically noting that there should be greater limitations than just to unskilled work. (Dkt. 16 at 5-6). Plaintiff overlooks the fact that the ALJ did include limitations beyond unskilled work, such as no work requiring reading written instructions or that requires Plaintiff to perform math calculations beyond simple addition and subtraction. (Dkt. 14-2 at 23, R. 22). Perhaps more importantly, Plaintiff's argument is dispersed piecemeal throughout the brief and supported by neither case law nor citations to the record. The Seventh Circuit has held in a social security disability context that "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019) (quoting *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016)). Thus, the Court deems this argument waived.

### C.  Step Five Analysis

Lastly, Plaintiff argues that the ALJ's ultimate decision is not supported by substantial evidence because greater restrictions in the RFC for fingering, handling, reading, and math will eliminate two of the three jobs cited by the ALJ. (Dkt. 16 at 6-7). The Commissioner maintains that if the Court rejects the Plaintiff's arguments regarding the RFC limitations, then all three jobs cited by the ALJ will still be available to the Plaintiff; moreover, the Commissioner contends, even if the Court

accepts the Plaintiff's arguments, the position of cleaner with 135,000 jobs nationally remains, which is significant enough for the ALJ's decision to stand. (Dkt. 17 at 12-15).

In this case, the Court has rejected Plaintiff's arguments related to the need for greater RFC restrictions. Thus, the ALJ's Step Five decision, considering David's age, education, work experience, and residual functional capacity, along with the vocational expert's testimony, that David could engage in other substantial gainful work that exists in the national economy, is supported by substantial evidence. Remand is not warranted.

## V.    CONCLUSION

For the reasons detailed herein, the Court **AFFIRMS** the ALJ's decision denying the Plaintiff benefits. Final judgment will issue accordingly.

So ORDERED.


Date: 5/16/2022

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email.